**MINOT FEDERAL SAVINGS & LOAN ASSN., Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 20408.**

United States Court of Appeals, Eighth Circuit.

Dec. 28, 1970.

Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, Meyer Rothwacks, Grant W. Wiprud and William K. Hogan, Attys., Washington, D. C., and Harold O. Bullis, U. S. Atty., Fargo, N.D., on brief for appellant.

John C. Johanneson and Michael D. Sommerville, St. Paul, Minn., and Robert W. Palda, Minot, N.D., on brief for appellee; Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., Palda, Palda, Peterson, Anderson & Tossett, Minot, N. D., of counsel.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, District Judge.

MEHAFFY, Circuit Judge.

■ This appeal is from a judgment in favor of the taxpayer awarding a refund of federal income taxes paid erroneously in the amount of $2943.50 plus interest for the calendar year 1963. Taxpayer contended that the movable partitions to be used in an office building, for which it expended the sum of $84,100.00 in 1963, are "tangible personal property" and not a "structural component" of a building and thus subject to investment credit under the provisions of the Internal Revenue Code of 1954 as amended. The district court, The Honorable George Register, held that taxpayer's movable partitions constituted "tangible personal property" under 26 U.S.C. § 48(a) (1) which is qualified for the investment credit allowance. We affirm the judgment of the district court.

Taxpayer had a building designed to house its own offices and to include several floors for rental purposes. Since it had no tenants at the time the building was designed and constructed, the floors above the first floor were laid out for movable partitions in order to accommodate the desires of any tenants it might obtain. The movable partitions do not

bear any structural load and can be arranged as room dividers and easily removed from floor to floor or from building to building, and when not in use can be stored. These partitions are made on an assembly line and are stock or catalog items. Their installation is a simple process consisting of fastening a channel to the floor and the ceiling, putting the partitions in place and fastening them. The channels are attached with a No. 8 sheet metal screw at the ceiling and a small masonry nail in the floor at approximately three feet intervals. The small nail and screw holes are virtually invisible within a short time after their removal. This is particularly true to one who does not know that the space was originally divided by channels and also to one not specifically looking for the minute damage done by the screws and nails. It is even possible in some situations to install the partitions free standing. The partitions are moved about to suit the tenant, or stored, and they have a ready market if the owner wants to dispose of them after use. Many national firms use them and when an office is moved from one city to another the partitions are transferred along with the desks, typewriters and other office equipment. Some major concerns with a number of buildings in a complex keep a store of movable partitions to divide the rooms of their buildings to meet their needs.

Our sole question is whether such movable partitions as described above are tangible personal property and thus "section 38 property" affording qualified investment credit under the Internal Revenue Code of 1954 as amended, or "structural components" of the building not entitled to the credit.

The government contends in brief that a functional use or equivalency concept should be adopted in determining the intent of Congress, and the taxpayer counters with the argument that Congress adopted a test of permanency in determining whether an item is "tangible personal property" or a "structural component" of a building.

No meaningful analogous precedent has been cited us and our research disclosing none, we look to the language of the Congressional Act, the legislative history and the Treasury Regulations for our answer to the question.

The statute in pertinent part, 26 U.S. C. § 48(a) (1) (A) and (B), provides:

"(a) Section 38 property.—

(1) In general.—Except as provided in this subsection, the term 'section 38 property' means—

(A) tangible personal property, or

(B) other tangible property (not including a building and its structural components) but only if such property—

(i) is used as an integral part of manufacturing, production, or extraction or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services, or

(ii) constitutes a research or storage facility used in connection with any of the activities referred to in clause (i), or  * * *."

It will be noted that subparagraph (A) includes as "section 38 property" tangible personal property. The meaning of the term "tangible personal property" is found in the Technical Explanation of the Bill, S. Rep. No. 1881, 87th Cong. 2d Sess., 1962–3 Cum. Bull. 858, as follows:

"Tangible personal property may qualify as section 38 property irrespective of whether it is used as an integral part of manufacturing, production, or extraction or of the furnishing of transportation, communications, electrical energy, gas, water, or sewage disposal services. Local law definitions will not be controlling for purposes of determining the meaning of the term 'tangible personal property.' For purposes of section 48, the term 'tangible personal property' includes any tangible property except land, and improvements thereto, such as buildings or other inherently permanent structures thereon (including items

which are structural components of such buildings or structures). Assets accessory to the operation of a business, such as machinery, printing presses, transportation or office equipment, refrigerators, individual air-conditioning units, grocery counters, testing equipment, display racks and shelves, etc., generally constitute tangible personal property for purposes of section 48, even though such assets may be termed fixtures under local law." U.S.Code Cong. and Admin.News, p. 3455.

It is noted here that the above includes items such as buildings or other inherently *permanent* structures thereon (including items which are structural components of such buildings or structures). It is also noted from the above that office equipment, refrigerators, individual air-conditioning units, grocery counters, display racks and shelves, etc. generally constitute tangible personal property for the purposes of section 48 even though at least some such assets may be termed fixtures under local law. Treas. Reg. found in 26 CFR 1.48–1(c) defines tangible personal property as follows:

"(c) *Definition of tangible personal property*. If property is tangible personal property it may qualify as section 38 property irrespective of whether it is used as an integral part of an activity (or constitutes a research or storage facility used in connection with such activity) specified in paragraph (a) of this section. Local law shall not be controlling for purposes of determining whether property is or is not 'tangible' or 'personal.' Thus, the fact that under local law property is held to be personal property or tangible property shall not be controlling. Conversely, property may be personal property for purposes of the investment credit even though under local law the property is considered to be a fixture and therefore real property. For purposes of this section, the term 'tangible personal property' means any tangible property except land and improvements

thereto, such as buildings or other inherently permanent structures (including items which are structural components of such buildings or structures). Thus, buildings, swimming pools, paved parking areas, wharves and docks, bridges, and fences are not tangible personal property. Tangible personal property includes all property (other than structural components) which is contained in or attached to a building. Thus, such property as production machinery, printing presses, transportation and office equipment, refrigerators, grocery counters, testing equipment, display racks and shelves, and neon and other signs, which is contained in or attached to a building constitutes tangible personal property for purposes of the credit allowed by section 38. Further, all property which is in the nature of machinery (other than structural components of a building or other inherently permanent structure) shall be considered tangible personal property even though located outside a building. Thus, for example, a gasoline pump, hydraulic car lift, or automatic vending machine, although annexed to the ground, shall be considered tangible personal property."

Section 1.48–1(e) defines building as follows:

"The term 'building' generally means any structure or edifice enclosing a space within its walls, and usually covered by a roof, the purpose of which is, for example, to provide shelter or housing, or to provide working, office, parking, display, or sales space."

Section 1.48–1(e) (2) of the regulation in pertinent part provides:

"(2) The term 'structural components' includes such parts of a building as walls, partitions, floors, and ceilings, as well as any permanent coverings therefor such as paneling or tiling; windows and doors; all components (whether in, on, or adjacent to the building) of a central air conditioning

or heating system, including motors, compressors, pipes and ducts; plumbing and plumbing fixtures, such as sinks and bathtubs; electric wiring and lighting fixtures; chimneys; stairs, escalators, and elevators, including all components thereof; sprinkler systems; fire escapes; and other components relating to the operation or maintenance of a building. * *"

The government argues that Congress intended a functional use approach in determining what constitutes a structural component and that the test is, therefore, one of function. It is argued that because these partitions are movable they only serve the same purpose as an inner wall and, therefore, constitute a structural component of the building. We do not agree as we can find nothing in the language Congress used or in the Treasury Regulations that supports this approach. It would seem at least to us that, when Congress in the Act separated "tangible personal property" from "other tangible property" in the disjunctive and then made each "section 38 property," the plain intendment of the Congress was to include *all tangible personal property* and *some tangible property* that might not ordinarily or by state law be included in "section 38 property."

This would be the most logical conclusion and the most reasonable one in the light of the object of the Act which is to increase investments and encourage modernization of facilities so as to improve the country's economic potential by reducing the net costs of acquiring new equipment, all of which would help unemployment, tend to alleviate our balance of payment problem and by reducing costs help our industries' competition in markets at home and abroad.

The Act of 1962 which conceives the investment credit provision with which we are concerned was amended in 1964 by adding subparagraph (C) to § 48 (A) and (B) of the Act. The effect of this amendment was to include escalators and elevators in the property to be included as eligible for investment cred-

it. See 1964–1 (Part 2) Cum. Bull. 159–160. This gives a clear insight into the Congress' view as to what should be included in section 38 property. Certainly if escalators and elevators are to be included, there can be no doubt that movable wall partitions should be likewise included.

We do not construe the Treasury Regulation as suggesting or requiring any functional or equivalent test. The regulation in discussing the structural components speaks of a building or other *inherently permanent* structure as being considered tangible personal property. Again, a building is defined in the regulation as meaning a structure or edifice enclosing a space within its walls usually covered by a roof. Here, the building was constructed and completed without the movable partitions and certainly does not include a wall divider any more than it would an individual window air-conditioning unit.

Additional to the statute and the regulations not lending any support to the functional view, we find that other rulings of the Commissioner are in conflict with such an approach. For example, Rev. Rul. 65–79, 1965–1 Cum. Bull. 26, 27–28, went so far as to hold that attached vault doors, night depository facilities, etc. were not structural components of a building. We quote an excerpt from this ruling:

"Section 1.48–1(e) of the regulations provides, in part, that buildings and structural components thereof do not qualify as section 38 property. The term 'building' generally means any structure or edifice enclosing a space within its walls, and usually covered by a roof, the purpose of which is, for example, to provide shelter or housing, or to provide working, office, parking, display, or sales space. Such term does not include a structure which is essentially an item of machinery or equipment, or an enclosure which is so closely combined with the machinery or equipment which it supports, houses, or serves that it must be replaced, retired, or abandoned contemporane-

**1372**

ously with such machinery or equipment, and which is depreciated over the life of such machinery or equipment.

"It is apparent from the foregoing that, even though attached, vault doors, record vault doors, night depository facilities, and walk-up and drive-up teller's windows, are not structural components of a building, and their removal would not affect the continued operation of a bank building or booth as a building. Consequently, the aforementioned units must be considered as items of equipment. And, since such items are commonly used in the banking industry, they must be considered as items which are accessorial to the conduct of the banking business and therefore are 'tangible personal property' for purposes of the definition of 'section 38 property' contained in section 1.48–1(a) of the regulations."

In Rev. Rul. 67–349, 1967–2 Cum. Bull. 48, 49, the Commissioner ruled that wall-to-wall carpeting, attached much in the same manner as the movable partitions here, was not a structural component within the meaning of the regulation, and stated:

"The taxpayer installed 'wall-to-wall' carpeting in all guest rooms, office space, bar areas and dining rooms of his motel. The floor beneath the carpeting is concrete and is covered only by the padding and carpeting. The carpeting was installed by fastening it to wood strips with hooks attached to the strips. The strips are nailed along each wall * * *

\* \* \* \* \* \*

"The 'wall-to-wall' carpeting installed in a building in the manner described above is not an integral part of the floor itself, and therefore, the carpeting is not a permanent covering for the floor. Thus, the 'wall-to-wall' carpeting in the instant case is not a 'structural component' within the meaning of the regulations."

 The statutes and regulations in such matters should be liberally construed consistent with the legislative purpose behind the investment credit statute. Northville Dock Corp. v. C.I.R., 52 T.C. 68, 73. In fact, Congress in 1964 considered it appropriate to reconsider the treatment of escalators and elevators for the purpose of investment credit. The committee found that such equipment represents an important aspect of modernization of a plant and facilities and concluded that they should be eligible for investment credit.

Having concluded that movable partitions are tangible personal property entitled to investment credit, the judgment of the district court is affirmed.