**MALLINCKRODT, INC., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 85-1016.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1985.

Decided Nov. 4, 1985.

Jerome Fink, Washington, D.C., for appellant.

William Whitledge, Tax Div., Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

The question presented, as stated by the Tax Court, is "whether certain non-load bearing gypsum drywall partitions, extending from the floor to the height of a false ceiling, erected or caused to be erected by [taxpayer] at some of its locations, are tangible personal property entitled to the investment tax credit within the meaning of [26 U.S.C. §§ 38, 46, and 48], or . . . are structural components of a building not subject to the investment tax credit." *Mallinckrodt, Inc.*, 48 T.C.M. (CCH) 1290, 1290 (1984). The Tax Court[1] held for the Commissioner, taking the view that the walls and partitions involved here are inherently permanent and are therefore properly classified as "structural components" ineligible for the investment tax credit. The Court found, in particular, that "[t]he partitions are incapable of being reused in their entirety, are permanently attached to the structure, have in fact never been moved and are incapable of being readily removed without substantial damage to the gypsum drywall." *Id.* at 1292.

We affirm. We have carefully considered the vigorous arguments ably presented by counsel for the appellant taxpayer, and we are not persuaded that the Tax Court has made any finding of fact that is clearly erroneous or has announced any incorrect conclusion of law.

The taxpayer's principal argument is that the Tax Court misinterpreted our opinion in *Minot Federal Savings & Loan Assn. v. United States*, 435 F.2d 1368 (8th Cir.1970). There, we held that certain movable partitions used by a taxpayer in its offices were not "structural components" and did qualify for the investment tax credit. We think the instant case is clearly distinguishable. In *Minot*, the movable partitions in question could "be arranged as room dividers and easily removed from floor to floor or from building to building, and when not in use [could] be stored." *Id.* at 1369. The Court further described the items in question: "The partitions are moved about to suit the [taxpayer's] tenant, or stored, and they have a ready market if the owner wants to dispose of them after use. Many national firms use them and when an office is moved from one city to another the partitions are transferred along with the desks, typewriters and other office equipment. Some major concerns with a number of buildings in a complex keep a store of movable partitions to divide the rooms of their buildings to meet their needs." *Ibid.*

Here, by contrast, the walls or partitions in question are not easily removed, and, if they are removed at all, a portion of them is normally destroyed in the process. There is no evidence that the taxpayer, when it installed these walls or partitions, ever intended that they be removed or reused. They were permanent parts of the building in a sense that the walls or partitions in *Minot* were not. Taxpayer contends that it was an error of law for the Tax Court to rely upon the lack of reusability as one factor in reaching the conclusion that these walls were permanent parts of the structure. We disagree. The fact that an item is not readily reusable in another location certainly is evidence supporting the conclusion that it is to be treated as permanent in its present location.

No purpose would be served by further elaboration on our part. We affirm on the basis of the Tax Court's well-reasoned opinion. See 8th Cir.R. 14.

Affirmed.

---

1. The Hon. Jules G. Korner, III, Judge.